# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DONALD HENNEBERG,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) ) Case No. 20-cv-224-NJR |
| **VANDALIA OFFICIALS,** | ) ) ) ) |
| **Defendants.** | ) ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Donald Henneberg, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Vandalia Correctional Center ("Vandalia"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges officials failed to provide him with medical care in violation of the Eighth Amendment. Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint: On December 13, 2019, after arriving at Vandalia, Plaintiff informed the medical officials conducting his medical exam that he

1

could not see without his glasses (Doc. 1, p. 6). He was told to fill out a request but despite filling out multiple requests for medical care he never received any care. He filled out a grievance but was told that it was not an emergency. In January 2020, he fell while on the way to the chow hall because he did not see a patch of ice due to not having glasses. He was seen in the healthcare unit for the injury to his knee but was only provided with Ibuprofen. He was told that he would need an MRI to determine if he injured any ligaments or tendons, but Vandalia does not have an MRI machine (*Id.*). He has not received any further care for his injuries. His vision continues to worsen, and he suffers from blurry and double-vision. He also suffers from dizziness (*Id.*).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to designate a single count in this *pro se* action:

> **Count 1:** **Vandalia officials were deliberately indifferent under the Eighth Amendment to his vision issues and knee injury.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

Plaintiff has listed "Vandalia Officials" as the sole defendant, which he describes as "prison officers and medical staff" (Doc. 1, p. 1). Identifying a group of individuals as a defendant is improper. To state a Section 1983 claim against an individual or entity, Plaintiff must specifically identify them, by name or Doe designation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

(2007); Fed. R. Civ. P. 8(a)(2).[2] Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Plaintiff does not associate his claims with any particular individual. This is insufficient to state a claim; Plaintiff must make plausible allegations against individuals. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, his Complaint is **DISMISSED without prejudice** because he failed to identify a defendant. The Court **GRANTS** Plaintiff leave to amend his Complaint to properly identify a defendant. Plaintiff is reminded that he can designate a defendant, whether a nurse, doctor, or correctional officer, by a John Doe designation. But he is reminded that his Complaint must identify individual defendants who were deliberately indifferent in failing to provide him with glasses and/or care for his knee.

### Disposition

Accordingly, Plaintiff's Complaint is **DISMISSED without prejudice**. Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **May 6, 2020**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

---

[2] Group defendants also create problems with service of process. *See Jenkins v. Wisconsin Res. Ctr.*, No. 09-CV-323-BBC, 2009 WL 1797849, at *1 (W.D. Wis. June 24, 2009) (a group of people cannot be sued; each defendant must be an individual or legal entity that may accept service of a complaint) (citing FED. R. CIV. P. 4(e)-(j)).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 4/6/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**