IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD HENNEBERG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-224-NJR |
| ) | |
| ) | |
| JANE DOE #1, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Donald Henneberg, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Vandalia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff's original Complaint (Doc. 1) was dismissed for failure to state a claim. Plaintiff was granted leave to amend his Complaint (Doc. 10). He filed his First Amended Complaint on May 5, 2020 (Doc. 11). He subsequently asked for additional time to submit a Second Amended Complaint (Doc. 18). That request was granted, and he was given until July 7, 2020, to submit a Second Amended Complaint but failed to do so. Thus, the Court reviews his First Amended Complaint as the operative complaint.

In his First Amended Complaint (Doc. 11), Plaintiff alleges Jane Doe #1 was deliberately indifferent to his need for eyeglasses, in violation of the Eighth Amendment. He seeks monetary damages.

This case is now before the Court for preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for

1

money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 11): On December 13, 2019[1] Plaintiff arrived at Vandalia and met with nurse Jane Doe #1 for a medical examination (Doc. 11, p. 6). At that time, he told her that he could not see without his glasses. Jane Doe #1 told him that she could not do anything and instructed him to fill out a request form (*Id*.). He filled out multiple request forms to see the eye doctor and filed a grievance but did not receive any care. Sometime between January 15, 2020 and January 20, 2020, he was marching outside and slipped on ice that he was unable to see without his glasses. He injured his right knee in the fall (*Id*.). Plaintiff still did not see the eye doctor after his fall and was told that vision issues were not an emergency. He was only provided Ibuprofen for his knee and was told that prison does not do MRIs and he would not be referred to a specialist (*Id*.). Both his knee injury and vision continue to worsen without care (*Id*.).

## Discussion

Based on the allegations in the First Amended Complaint, the Court finds it convenient to designate a single count in this *pro se* action:

> **Count 1:** Jane Doe #1 was deliberately indifferent to Plaintiff's vision issues and knee injury in violation of the Eighth Amendment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

---

[1] The allegations actually state that he arrived on December 13, 2020, which appears to be a typo.
[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Plaintiff's First Amended Complaint again fails to state a claim. He identifies Jane Doe #1 as the only defendant in this case. He labels her in his case caption as a Vandalia officer, but identifies her in his statement of claim as a nurse (Doc. 11, pp. 1 and 6). In his statement of the claim, he only alleges that he saw the Jane Doe nurse on one occasion, when he first arrived at Vandalia in December. At that time, he informed her that he could not see without his glasses and she told him there was nothing she could do and to put in a sick call request. He does not allege that he saw her on any other occasion. Although he alleges that he filed several sick call requests, there is no indication that she reviewed the requests or declined to refer him to the doctor in response to those requests. He also alleges that he was not provided proper treatment for his knee injury, but he fails to allege that Jane Doe #1 participated in the care that was provided. He does not state who he saw after injuring his knee. His only allegation against Jane Doe #1 is that she conducted a medical exam when he first arrived and told him to put in a sick call request for his eyeglasses. These allegations do not rise to the level of deliberate indifference. At most her failure to refer him to an eye doctor on that date was negligence which does not amount to deliberate indifference. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Walker v. Peters,* 233 F.3d 494, 499 (7th Cir.2000) ("A doctor might be careless ..., and this carelessness may constitute malpractice. But malpractice alone is not enough to meet the constitutional standard.").

This is Plaintiff's second attempt to provide the Court with factual allegations that would state a claim. He fails to offer any facts that would raise his claim to a viable constitutional violation. The Court finds that any additional amendment would be futile. Thus, the First Amended Complaint, along with this entire action, will be **DISMISSED with prejudice**. *See Agnew v. NCAA*, 683 F.3d 328, 347 (7th Cir. 2012); *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011); *Garcia v. City of Chicago, Ill.*, 24 F.3d 966, 970 (7th Cir. 1994).

**Disposition**

Accordingly, Plaintiff's First Amended Complaint (Doc. 11) is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. This shall count as a "strike" for purposes of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  7/16/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**